NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ALVIN DARRELL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:10-CV-034-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN ERIC D. WILSON, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Alvin Darrell Smith is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the United States Penitentiary-McCreary, in Pine Knot, Kentucky. He has submitted a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and has now paid the habeas filing fee. The Petition, as later amended [R. 2, 9], is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, the Court will serve the Petition on the Respondent.

**I.**

Petitioner's allegations begin with his conviction for "murder II accidental death," in the D.C. Superior Court, in Washington, D.C., Case No. F-12129-92 (CDE). On March 15, 1994, he was purportedly sentenced to fifteen years to life and "aggravated 2 to 6" for a total of sixteen

---

[1] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

years to life.[2]  He writes that his appeal was unsuccessful and that he was also denied relief on two previous Section 2241 Petitions.

Smith claims that he has completed his sixteen-year sentence and should have been released on January 14, 2010.  Additionally, he alleges that the United States Parole Commission ("USPC") "mis-construed guidelines/ and my sentence as a life sentence."  Although the USPC scheduled a hearing for him on November 9, 2009, it later "failed to give me my reconsideration hearing" on that date.  Purportedly, if the USPC would send him a Notice of Action, the BOP would release him.

Attached to Smith's Petition is a collection of documents.  Most are calculations of his sentence, under his own theories, under those of the D.C. Department of Corrections, and under the guidelines of its successor, the USPC.  Other exhibits are from other of Petitioner's *pro se* efforts, either before the USPC or a court.  In response to an earlier denial of parole, evidently in 2004, Petitioner made the same argument which he makes herein, although with different dates:

> I have spent over my 11 years, is going on 16 yrs and my sentence has been up and, I should've been released 1-5-04 if not at 1-5-01 at 6 yrs 8 months.

[R. 2, attachment.]  Another attachment is a copy of a 2005 *pro se* § 2241 Petition which Smith filed in the United States District Court for the Northern District of West Virginia, when he was imprisoned there.  In it, *Smith v. Warden*, No. 2:05-CV-00064, Petitioner again claimed that his "sentence is totally up and I'm being unlawfully detained . . . ."

---

[2]  In the later-filed declaration of a BOP specialist in computing prisoners' sentences [R. 9], it is revealed that the fifteen-years-to-life sentence imposed on March 15, 1994, was for Second Degree Murder and attendant crimes, all committed on November 24, 1992; and one week after that sentence was imposed, he was sentenced in F-373-94 to a consecutive term of eighteen months to six years for a crime committed on January 13, 1994.  [*See* R. 10, attachment dated September 18, 2003.]

Only two attachments are recent. One is a September 3, 2009 letter from an attorney in the DC Prisoner's Project. Therein, the attorney informs Petitioner that in a change of policy occurring the previous month, the USPC had agreed to use the 1987 D.C. Board of Parole Guidelines, rather than USPC guidelines, for D.C. parole applicants whose offenses were committed between March 4, 1985, and August 4, 1998. Further, Smith was informed that he not only qualified for re-review under the new policy, he was also in a group of prisoners whose parole decisions would be reviewed automatically. "The Parole Commission will review your case and either grant you parole without a hearing or hold a new hearing for you under the 1987 Guidelines." There is no further information on how, or whether, this review occurred.

The other recent document is a BOP inmate request to staff form which the Petitioner submitted on January 6, 2010, about his current claim, *i.e.*, he should have been released already, in January of 2010. The recipient responded on January 15th that the USPC "has been contacted on several occasions and no response has been received."

Shortly after receipt of this Petitioner's initial pleading, on February 3, 2010, this Court issued an Order pointing out certain deficiencies in Smith's submissions. Petitioner's responses are now in the record. On March 18, 2010, two months after submitting the instant Petition, Smith paid the filing fee for a habeas action and submitted additional documentary exhibits. These attachments, too, are varied and voluminous. [R. 9.] They include extraneous arguments which Smith made even earlier in his incarceration, as far back as 2001, in attempting to obtain release.[3]

---

[3] Interestingly, in addition to multiple habeas actions in the federal courts, he has also attempted to obtain release by commutation of sentence/application for executive clemency in 2009.

Importantly herein, the attached exhibits also include more recent information. Smith has provided a second "Response to Inmate Request to Staff Member" to him, from another BOP official. It is dated February 12, 2010, and responds to Petitioner's current claim as follows:

> A review of this matter reveals you are serving a life sentence with an aggregated minimum term of 16.5 years.[4] You have completed this minimum term and you were submitted for a Sellmon hearing at the last docket. The USP did not hear your case; therefore, you were resubmitted for the March parole docket. Any parole that is granted will need to done [sic] by the USPC via Notice of Action.

[R. 11, attachment dated February 12, 2010.] There is no further sentence or parole information in this record.

## II.

The U.S. Parole Commission is responsible for making parole release decisions for District of Columbia felony offenders. The Commission took over this responsibility from the D.C. Board of Parole as a result of the National Capital Revitalization and Self-Government Improvement Act of 1997 (Pub.L. 105-33). The Commission immediately promulgated regulations to implement its new duties, including parole guidelines at 28 CFR 2.80.

Most recently, effective August 17, 2009, the regulation was amended to provide as follows:

> (o) (1) A prisoner who is eligible under the criteria of paragraph (o)(2) may receive a parole determination using the 1987 guidelines of the former District of Columbia Board of Parole (hereinafter "the 1987 guidelines").
>
>     (2) A prisoner must satisfy the following criteria to obtain a determination using the 1987 guidelines:
>         (i) The prisoner committed the offense of conviction after March 3, 1985 and before August 5, 1998;

---

[4] Petitioner has handwritten the following on the exhibit: "Incorrect. I'm serving a 16 year 6 month to life sentence." *Id*.

>       (ii)  The prisoner is not incarcerated as a parole violator;
>       (iii) The prisoner received his initial hearing after August 4, 1998; and
>       (iv) The prisoner does not have a parole effective date, or a presumptive parole date before January 1, 2010.
>    . . .

28 C.F.R. § 2.80(o) (August 17, 2009).

According to Smith's allegations and exhibits, seven months ago he was informed that he meets the above criteria for a re-review of his suitability for parole. But at his first opportunity to address the matter, at the prison in November of 2009, the USPC did not call him to be heard. Further, the BOP has informed the Petitioner that it cannot help him; rather, his only recourse is through the USPC. Yet, apparently, Smith cannot have a re-review or a hearing for reconsideration unless the USPC, not the BOP, decides to do so. Therefore, it appears that exhaustion of the BOP administrative process would be futile.

Accordingly, the Court will require the government to respond to the Petitioner's contentions. **IT IS ORDERED** as follows:

(1)   The named Respondent in this action is Warden Eric D. Wilson.

(2)   The Clerk of the Court shall serve by certified mail a copy of the Petition, including attached exhibits [R. 2, 9], and this Order, upon Warden Eric D. Wilson, of the USP-McCreary, in Pine Knot, KY 42635; U.S.P.C. Commissioner Edward F. Reilly, Jr., 5550 Friendship Boulevard, Suite 420, Chevy Chase, MD 20815-7286; the Attorney General for the United States, in Washington, DC; and the United States Attorney for the Eastern District of Kentucky, in Lexington, KY.

(3)   Respondent Warden Wilson shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the Petition.

(4) Upon entry of a Response herein or upon the expiration of said period of time, the Clerk of the Court shall submit the matter for review.

(5) The Petitioner shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(6) For every further pleading or other document he wishes to submit for consideration by the court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of a copy, as above, the document will be disregarded by the Court**.

This the 26th day of May, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge