NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ALVIN DARRELL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-34-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN ERIC D. WILSON, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Alvin Darrell Smith ("Smith"), an individual in the custody of the Federal Bureau of Prisons ("BOP") and confined in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and has subsequently amended same. [R. 2, 9.] Upon the initial screening of this petition, by Memorandum Opinion and Order of May 26, 2010 [R. 13], the Court ordered that the petition be served on the Respondent and directed Respondent to file a response thereto.

The matter is currently before the Court on the following motions filed by the *pro se* Petitioner:

1. On June 17, 2010, Smith filed a pleading captioned "International Lien Tort Feasors" [R. 18] wherein he requested various forms of relief.

2. On July 28, 2010, Smith filed another pleading captioned "International Lien Tort Feasors" [R. 22] which contained the following motions: (a) motion for summary judgment; (b) motion for default judgment; (c) motion for expedited relief, for habeas petition; (d) motion for

defendants/respondents to "show cause;" and (d) motion for the attorney general to "show cause" and certify charges of the grand jury indictment [R. 22].

## I.

Smith is serving a life prison term imposed by the Superior Court of the District of Columbia for murder in the second degree while armed, carrying a dangerous weapon, and possession of a prohibited weapon. He is also serving a six-year prison term imposed by the Superior Court for taking indecent liberties with a child. According to the sentence computation of the Federal Bureau of Prisons ("BOP"), Smith became eligible for parole on January 24, 2005, after completing his minimum term on each sentence.

Smith's most recent parole hearing was conducted at USP-McCreary on March 23, 2010, at which time the hearing examiner evaluated his case under the 1987 guidelines of the former District of Columbia Board of Parole in compliance with the Commission's regulation at 28 C.F.R. § 2.80(o), as amended by 74 Fed. Reg. 58540-44 (Nov. 13, 2009). The hearing examiner found that Smith had a grid score of three (3) under the 1987 Board guidelines, a score which indicates that parole should be granted at a rehearing. But the hearing examiner recommended a departure from the guidelines after finding that the prisoner was a more serious parole risk than shown by his grid score due to the aggravated circumstances of his crimes, his denial of responsibility for the crimes, and his need for additional prison programming for Sexual Offenders. The examiner recommended denial of parole and a continuance for a reconsideration hearing in twelve months. By Notice of Action dated May 19, 2010, the U.S. Parole Commission ("USPC") informed Petitioner that he was denied parole and was continued for a reconsideration hearing in March 2011.

## II.

### A.

In the motion/pleading filed on June 17, 2010, Smith protests the decision of the USPC to deny his parole and appears to request that a jury be appointed in reference to his parole hearing. Smith also requests that the defendants not be allowed to transfer him to another institution in the absence of advance court approval until a decision has been made in this case. Smith further requests that the bid bonds be discharged and delivered to him and that he be released immediately. Finally, Smith requests the court to acknowledge his "Affidavit of Publication" on his copyright trade name. [R. 18.]

By Notice of Action dated May 19, 2010, the USPC notified Smith that his parole was denied and that it would be reconsidered at another hearing in March 2011, after service of twelve months from the March 23, 2010 parole hearing. The Notice of Action explained to Smith why his parole was being denied and recommended that prior to his reconsideration hearing he engage in additional programming and, in particular, Sex Offender Programming. Smith appealed the USPC's denial of parole to the National Appeals Board ("NAB"). By Notice of Action on Appeal dated July 15, 2010, the NAB affirmed the USPC's decision to deny parole.

Smith's June 17 motion/pleading [R. 18] will be denied because Smith is not entitled to any of the relief requested therein in that (1) he is not entitled to a jury at his reconsideration hearing in March 2011, (2) the USPC's decision was affirmed on appeal by the NAB, which is a final, non-appealable decision, (3) he has no right to remain housed in any particular institution, be it before a decision is made in this case or thereafter, (4) his request concerning the bid bonds

3

appears to have no application to this case, and (5) his request that the Court acknowledge his "Affidavit of Publication" on his copyright trade name is irrelevant to this action.

**B.**

The relief Smith requests in the motion/pleading filed on July 28, 2010, appears to be based on the Respondent Warden's failure to file a response to the habeas petition prior to June 27, 2010, as he was directed to do in the Memorandum Opinion and Order of May 26, 2010. Consequently, Smith asserts that he is entitled to summary judgment and a default judgment against the Respondent Warden. He also requests expedited relief on his habeas petition and that the Court enter a "show cause" Order to the Respondents and to the Attorney General.

The Respondent Warden did not file a response to the habeas petition prior to June 27, 2010, as directed; however, on August 17, 2010, the Respondent Warden, being represented by the United States Attorney, moved for an extension of time until September 10, 2010, in which to respond to the habeas petition. As grounds for that motion, Assistant United States Attorney David E. Middleton stated that upon receipt of this file, the United States Attorney's Office erroneously concluded that a response would be made by the Parole Board rather than by the BOP and misdirected the file. By Order of August 25, 2010, the Court granted Respondent's motion for an extension of time to respond until September 10, 2010. Respondent's response to Smith's habeas petition was timely filed on September 10, 2010 [R. 30].

Since Respondent was granted an extension of time to respond to Smith's petition and timely filed his response within the requested extension of time, the Court concludes that Smith is entitled to none of the relief sought in the July 28 motion/pleading.

**III.**

Accordingly, **IT IS ORDERED** as follows:

(1)     Smith's motion/pleading filed on June 22, 2010 [R. 18] is **DENIED**.

(2)     Smith's motion/pleading filed on July 28, 2010 [R. 22] is **DENIED IN ITS ENTIRETY**.

This the 8th day of February, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge