UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ALVIN DARRELL SMITH, ) | |
| ) | |
| Petitioner, ) | Civil No. 10-34-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| WARDEN ERIC D. WILSON, ) | **& ORDER** |
| ) | |
| Respondent. ) | |

\*\* \*\* \*\* \*\* \*\*

Alvin Darrell Smith, an individual in the custody of the Federal Bureau of Prisons (BOP) who was formerly confined in the United States Penitentiary-McCreary (USP-McCreary), in Pine Knot, Kentucky, has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and has subsequently amended same. [R. 2, 9.][1] Smith claims that he has completed service of his sentence and that he is entitled to be released from custody.[2]

Upon the initial screening of this petition, by Memorandum Opinion and Order of May 26, 2010, [R. 13] the Court ordered that the petition be served on the Respondent, directed

---

[1] Subsequently, Smith has been transferred to the United States Penitentiary-Victorville ("USP-Victorville") in Adelanto, California.

[2] As the $5.00 filing fee has been paid, the Court screens the petition to determine whether Smith is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Respondent to file a response thereto, and Respondent has filed said Response. For the reasons set forth below, Smith is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.

## I.

Smith is serving a fifteen-year to life prison term imposed by the Superior Court of the District of Columbia on March 15, 1994, for Murder II while armed, carrying a dangerous weapon, and possession of a prohibited weapon. Later, Smith was sentenced to eighteen-month to six-year prison term imposed by the Superior Court on March 22, 1994, for taking indecent liberties with a child. According to the sentence computation of the Federal Bureau of Prisons, Smith became eligible for parole on January 24, 2005, after completing his minimum term on each sentence.

Smith's most recent parole hearing was conducted at USP-McCreary, on March 23, 2010, at which time the hearing examiner evaluated his case under the 1987 guidelines of the former District of Columbia Board of Parole, in compliance with the Commission's regulation at 28 C.F.R. § 2.80(o), as amended by 74 Fed. Reg. 58540-44 (Nov. 13, 2009). The hearing examiner found that Smith had a grid score of 3 under the 1987 Board guidelines, a score which indicates that parole should be granted at a rehearing. However, the hearing examiner recommended a departure from the guidelines after finding that the prisoner was a more serious parole risk than shown by his grid score due to the aggravated circumstances of his crimes, his denial of responsibility for the crimes, and his need for additional prison programming for Sexual Offenders. The examiner recommended denial of parole and a continuance for a reconsideration hearing in twelve (12) months. By Notice of Action dated May 19, 2010, the U.S. Parole

Commission (USPC) informed Petitioner that he was denied parole and was continued for a reconsideration hearing in March 2011. Subsequently, by letter dated March 7, 2011, the USPC notified Smith that he was scheduled for a statutory interim hearing in February 2012.[3]

## II.

As the court noted in the Memorandum Opinion and Order of May 26, 2010, [R. 13] many of the documents attached to Smith's petition contain arguments regarding sentence computations that are now moot. Smith appears to be of the mistaken impression that since he had sufficient credits to meet the minimum sentence on his convictions, he should be released. However, the real effect of having sufficient days credit to satisfy the minimum sentence simply means that Smith became eligible for a parole hearing under the District of Columbia guidelines, not that he is automatically entitled to be released from custody. (*See Declaration of Denise M. Gottleib*, Sept. 9, 2010, and attachments thereto (exhibits to Respondent's Response to Petition For Writ of Habeas Corpus [R. 30])).

After Smith became eligible for a parole hearing, he had a parole hearing. The issue did arise as to whether he should have a parole hearing in accordance with the 1987 District of Columbia guidelines, and it was concluded that the 1987 District of Columbia guidelines were applicable to him. Following Smith's parole hearing in March 2010, for the reasons stated in its decision, Smith was denied parole at that time and was informed that he would be reconsidered for parole at a subsequent hearing. The reasons cited by the USPC for denying parole to Smith had nothing to do with how much credit he should have been granted for good time served.

---

[3] As of this writing, the Court has no knowledge as to whether Smith was reconsidered for parole in March 2011 and/or whether the USPC conducted a statutory interim hearing in February 2012, and/or what the USPC's decision was concerning Smith's parole.

Instead, the USPC cited the serious nature of his crimes and his unwillingness to accept responsibility and to take programs for sex offenders as the primary reasons he was not granted parole.

## III.

In summary, Smith is entitled to a parole decision based upon the 1987 District of Columbia Guidelines. The USPC conducted that hearing in March 2010, and Smith was denied parole at that time. The USPC determined that Smith should be reconsidered for parole in another year, in March 2011; however, for reasons unknown to the Court, it appears that that reconsideration hearing was not conducted then and may have been conducted in February 2012.

Irrespective of whether Smith has since been before the USPC for a reconsideration hearing and/or what the USPC's decision was following that hearing, Smith has no automatic right to be released on parole from his life sentence. Smith is lawfully imprisoned for crimes of which has been convicted. Therefore, his application for habeas corpus relief must be denied and this matter will be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Alvin Darrell Smith's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, as amended [R. 2, 9] is **DENIED**;

(2) All pending motions [R. 43, 46, 47, 50] are **DENIED AS MOOT**;

(3) This action is **DISMISSED**, *sua sponte*; and,

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Eric D. Wilson, Warden.

This 20th day of March, 2012.



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge